UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MICHAEL TONY VELEZ,

                Plaintiff,

v.                                                                                          9:22-cv-00362 (AMN/ML)

COLLADO; S. DEVLIN-VARIN; RNs JOHN and
JANE DOE; BODROGI; Drs. JOHN and JANE
DOE; and MORLEY

                Defendants.

---

**APPEARANCES:**                                                              **OF COUNSEL:**

**MICHAEL TONY VELEZ**
03-A-6481
Clinton Correctional Facility
P.O. Box 2001
Dannemora, NY 12929
Plaintiff *pro se*

**NYS OFFICE OF THE ATTORNEY GENERAL**          **MARK J. DOLAN, ESQ.**
The Capitol
Albany, NY 12224
*Attorneys for Defendant*

**Hon. Anne M. Nardacci, United States District Judge:**

## ORDER

**I.    INTRODUCTION**

      Presently before this Court is Defendants Collado, Devlin-Varin, Bodrogi, and Morley's (collectively "Named Defendants") motion to dismiss Plaintiff Michael Tony Velez's ("Plaintiff") Complaint, Dkt. No. 2 (the "Complaint"),[1] pursuant to Rule 12(b)(6) of the Federal Rules of Civil

---

[1] The Court set forth a complete summary of Plaintiff's claims and allegations in its July 22, 2022 Decision and Order (Kahn, J.), Dkt. No. 9 at 3-8.

Procedure. Dkt. No. 19 (the "Motion"). Plaintiff opposed the Motion, Dkt. No. 22, and Named Defendants filed a Reply in support, Dkt. No. 24. On May 30, 2023, United States Magistrate Judge Miroslav Lovric issued an Order and Report-Recommendation, recommending that the Court grant Defendants' Motion in part and deny it in part. Dkt. No. 30 (the "Report-Recommendation").[2]

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety.

## II.  STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendations that have been properly preserved with a specific objection. 28 U.S.C. § 636(b)(1)(C); *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012). If no specific objections have been filed, this court reviews a magistrate judge's report-recommendations for clear error. *See id*. at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition). "When performing such a clear error review, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Dezarea W. v. Comm'r of Soc. Sec.*, No. 6:21-CV-01138 (MAD/TWD), 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 1:17-CV-0367 (GTS/WBC), 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)). After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

---

[2] Magistrate Judge Lovric advised the parties that they had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review. Dkt. No. 30 at 16-17. Neither party has filed any objections to the Report-Recommendation and the time for filing objections has expired.

## III. DISCUSSION

Magistrate Judge Lovric recommended dismissal of Plaintiff's First Amendment free exercise claim against Defendant Collado for failure to state a claim upon which relief may be granted, pursuant to Fed. R. Civ. P. 12(b)(6), but recommended denying the Motion as to Plaintiff's First Amendment retaliation claim against Defendants Collado and Devlin-Varin, and his Eighth Amendment conditions of confinement claim against Defendants Devlin-Varin, Bodrogi, and Morely. Dkt. No. 30 at 16.[3] Because no party has filed objections to the Report-Recommendation, the Court reviews the Report-Recommendation for clear error.

### A. Plaintiff's First Amendment Free Exercise Claim

First, Magistrate Lovric recommended granting the Motion as to Plaintiff's free exercise claim because "the Complaint fails to allege facts plausibly suggesting that Plaintiff held any sincere religious beliefs." *Id*. at 9. Magistrate Lovric determined that, essentially, Plaintiff did not sufficiently allege being denied free exercise of his faith because he did not sufficiently allege that he had a sincerely held belief in the Jewish faith or had previously made efforts to abide by said faith. *See id*. at 9-10 (citing by way of comparison *Ackridge v. Aramark Corr. Food Servs.*, 16-CV-6301 (KMK), 2018 WL 1626175, at *18 (S.D.N.Y. Mar. 30, 2018)). Finding no clear error, the Court adopts Magistrate Judge Lovric's recommendation.[4]

---

[3] Plaintiff's Complaint named several additional defendants who have since been dismissed from this action. *See* Dkt. No. 9. As a result, the case caption and CM/ECF docket will be updated to reflect only the Defendants remaining in the action. *See* Fed. R. Civ. P. 25(d).

[4] The Court also notes that Plaintiff has inadequately plead that his religious beliefs were burdened—let alone substantially burdened, *see* Dkt. No. 30 at 8-9 n.4,—by Defendant Collado's actions because no allegations in the Complaint, nor the exhibits thereto, inform the Court of the import of these practices to Plaintiff nor what religious accommodations are reasonable, for example, in light of those made for inmates who adhere to other faiths. *Compare* Dkt. No. 2 at 45 (alleging Defendant Collado "makes it clear she is Catholic and they are the only ones she goes out of her way for"); *with, e.g., Rutherford v. Westchester Cnty.*, No. 18-CV-4872 (KMK), 2020 WL 433841, at *7 (S.D.N.Y. Jan. 28, 2020) (dismissing free exercise claim because plaintiff did

### B. Plaintiff's First Amendment Retaliation Claim

Next, Magistrate Judge Lovric considered Plaintiff's First Amendment retaliation claim against Defendants Collado and Devlin-Varin. *See* Dkt. No. 30 at 10-14. Magistrate Judge Lovric applied the correct legal standard and found that Plaintiff adequately pled that (1) the conduct at issue was protected under the First Amendment; (2) Defendants Collado and Devlin-Varin took adverse action against Plaintiff; and (3) there was a causal connection between Plaintiff's protected conduct and Defendants' adverse action because Plaintiff's protected conduct was a "substantial or motivating factor" in the decision to take the adverse action. *Id*. Specifically, as to Defendant Collado, Plaintiff adequately pled (1) that he filed grievances in connection with his refusal of medical treatment, which is protected First Amendment conduct; (2) adverse action by Defendant Collado in the form of Plaintiff's keeplock confinement in his cell; and (3) causation, as evidenced by the alleged close temporal proximity of the adverse action to the protected conduct, as well as Plaintiff's lack of earlier misbehavior reports. *Id*. at 11-13. Similarly, as to Defendant Devlin-Varin, Plaintiff sufficiently pled (1) that he filed a grievance against Defendant Devlin-Varin, which is protected First Amendment conduct; (2) adverse action by Defendant Devlin-Varin in the form of Plaintiff's detention in the special housing unit; and (3) causation, as evidenced by the alleged close temporal proximity of the adverse action to the protected conduct, as well as Plaintiff's lack of earlier misbehavior reports. *Id*. at 13-14. Finding no clear error, the Court adopts Magistrate Judge Lovric's recommendation as to this claim.

---

not allege that his meal deficiencies were particular to halal meals rather than prison meals more generally); *Lombardo v. Freebern*, No. 16-CV-7146 (KMK), 2018 WL 1627274, at *9-10 (S.D.N.Y. Mar. 30, 2018) (dismissing free exercise claim based on denial of grape juice due to facility budgetary constraints); *Leach v. New York City*, No. 12 CIV. 3809 (PAC) (JCF), 2013 WL 3984996, at *2 (S.D.N.Y. Aug. 2, 2013) (dismissing free exercise claims with vague allegations of denial of kosher meals and access to a Rabbi).

### C. Eighth Amendment Conditions of Confinement Claim

Finally, Magistrate Judge Lovric considered Plaintiff's Eighth Amendment conditions of confinement claim against Defendants Devlin-Varin, Bodrogi, and Morely. *See id*. at 14-15. Magistrate Judge Lovric found Named Defendants' arguments for dismissal of this claim unpersuasive because they only sought to establish that the decision to confine was reasonable, without addressing Plaintiff's allegations that the state of the confined space was unreasonable. *Id*. at 14. Specifically, Magistrate Judge Lovric found Plaintiff's allegations that "he was placed in a filthy hospital room with dried blood in the toilet, black dirt all over the edge of the entire cell, denied the ability to send mail to family or friends, denied a change of clothes, denied shampoo, and denied deodorant" sufficiently "suggest that Plaintiff was deprived of an identifiable human need for safe and sanitary living conditions" and "a risk that was obvious or otherwise must have been known to Defendants …." *Id*. at 15 (citing *Walker v. Schult*, 717 F.3d 119, 127 (2d Cir. 2013), *Atkins v. Cnty. of Orange*, 372 F. Supp. 2d 377, 406 (S.D.N.Y. 2005)). Finding no clear error, the Court adopts Magistrate Judge Lovric's recommendation as to this claim.

Having reviewed the Report-Recommendation for clear error and found none, the Court adopts the Report-Recommendation in its entirety.

### IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 30, is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Defendant's motion to dismiss, Dkt. No. 19, is **GRANTED in part and DENIED in part**; and the Court further

**ORDERS** that Plaintiff's First Amendment free exercise claim is **DISMISSED**; and the Court further

**ORDERS** that the Clerk update the case caption to remove Defendant Paredez and interpose Defendant Collado as the first named Defendant; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   August 24, 2023
              Albany, New York

Anne M. Nardacci
U.S. District Judge