UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

───────────────────────────────

MICHAEL TONY VELEZ,

                        Plaintiff,

    -against-                                        9:22-cv-0362 (AMN/ML)

COLLADO; S. DEVLIN-VARIN; RNs
JOHN and JANE DOE; BODROGI; Drs.
JOHN and JANE DOE; and MORLEY,

                        Defendants.

───────────────────────────────

**APPEARANCES:**                                       **OF COUNSEL:**

**MICHAEL TONY VELEZ**
03-A-6481
P.O Box 2001
Clinton Correctional Facility
Dannemora, NY 12929
Plaintiff, *pro se*

**HON. LETITIA JAMES**                          **JAMES D. TAYLOR, ESQ.**
Attorney General of the State of New York    Assistant Attorney General
The Capitol
Albany, NY 12224
Attorney for Named Defendants

**Hon. Anne M. Nardacci, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

       On March 23, 2022, Plaintiff *pro se* Michael Tony Velez commenced this action pursuant to 42 U.S.C. § 1983 alleging violations of his federal constitutional rights while he was

incarcerated at Clinton Correctional Facility. *See* Dkt. No. 1 ("Complaint").[1] Upon initial review pursuant to 28 U.S.C. § 1915, Senior District Judge Lawrence E. Kahn dismissed several of the claims asserted in the Complaint. *See* Dkt. No. 9. Upon a motion to dismiss, this Court dismissed an additional claim. *See* Dkt. No. 32. What remains at this stage are 1) Plaintiff's First Amendment retaliation claims against Defendants Collado and S. Devlin-Varin, and 2) his Eighth Amendment conditions-of-confinement claims against Defendants S. Devlin-Varin, Nurse John Doe, Nurse Jane Doe, Bodrogi, Morely, Dr. John Doe, and Dr. Jane Doe. *Id.*

On November 15, 2024, Plaintiff moved for partial summary judgment on the remaining claims. *See* Dkt. No. 51 ("Plaintiff's Motion"). Defendants Collado, Devlin-Varin, Bodrogi, and Morely (collectively the "Named Defendants") filed a response and a cross-motion for summary judgment. *See* Dkt. No. 55 ("Defendants' Motion"). Plaintiff filed a response to the cross-motion. *See* Dkt. No. 59.

This matter was referred to United States Magistrate Judge Miroslav Lovric, who, on May 23, 2025, recommended that the Court deny both Plaintiff's Motion and Defendants' Motion. Dkt. No. 62 ("Report-Recommendation"). Magistrate Judge Lovric advised that under 28 U.S.C. § 636(b)(1), the parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review. *Id.* at 22. Neither party has filed any objections to the Report-Recommendation and the time for filing objections has expired.

For the reasons stated herein, the Court adopts the Report-Recommendation in its entirety.

---

[1] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

## II.    STANDARD OF REVIEW

A district court reviews *de novo* those portions of a magistrate judge's report-recommendations that have been properly preserved with a specific objection. 28 U.S.C. § 636(b)(1)(C). "To be 'specific,' the objection must, with particularity, 'identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection.'" *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012) (alteration in original) (quoting N.D.N.Y. Local Rule 72.1(c)). When a party files "[g]eneral or conclusory objections, or objections which merely recite the same arguments [previously] presented to the magistrate judge," the district court reviews a magistrate judge's report-recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322 (TJM)(DRH), 2011 WL 933846, at *1 (N.D.N.Y. Mar. 16, 2011) (citations omitted); *accord Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) (a "statement, devoid of any reference to specific findings or recommendations to which [the plaintiff] objected and why, and unsupported by legal authority, was not sufficient to preserve" a claim).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has held that courts are obligated to "'make reasonable allowances to protect *pro se* litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan*, 289 F. Supp. 2d at 295 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). That said, "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . .." *Machicote v. Ercole*, No. 06 Civ. 13320 (DAB)(JCF), 2011 WL 3809920, at *2, (S.D.N.Y. Aug. 25, 2011)

3

(citation omitted); *accord Caldwell v. Petros*, No. 1:22-cv-567 (BKS/CFH), 2022 WL 16918287, at *1 (N.D.N.Y. Nov. 14, 2022). After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1)(C).

### III. DISCUSSION

Because neither party has filed any objections to the Report-Recommendation, the Court reviews the Report-Recommendation for clear error.

First, Magistrate Judge Lovric recommended that the Court dismiss the claims against Defendants Nurse John Doe, Nurse Jane Doe, Dr. John Doe, and Dr. Jane Doe (collectively, "the unnamed Defendants"), *sua sponte*, pursuant to Fed. R. Civ. P. 4(m). Dkt. No. 62 at 2 n.1. The Report-Recommendation found that Plaintiff has had more than three years to identify the unnamed Defendants, and that courts regularly dismiss such claims based on similar opportunities to effect service. *Id.*

Second, Magistrate Judge Lovric recommended that the Court deny summary judgment on Plaintiff's conditions-of-confinement claims under the Eighth Amendment. The Report-Recommendation found that under the objective component of the claims, there remains a genuine issue of material fact as to "the length of time that Plaintiff was deprived of clean clothes and toiletries, the conditions of the infirmary room that he was housed in, and whether he was therefore deprived of the minimal civilized measure of life's necessities." *Id.* at 17. The Report-Recommendation also found that, under the subjective component of the claim, there remains a genuine issue of material fact as to whether Defendants Bodrogi, Morley, and Devlin-Varin knew that the conditions of Plaintiff's confinement posed an excessive risk to his health or safety and disregarded that risk. *Id.* at 19. Nevertheless, the Report-Recommendation found that "to the

4

extent [the claim] is premised on denial of access to the law library and courts, denial of access to personal mail or social correspondence, denial of access to TV and radio, denial of access to commissary, and denial of access to religious services," dismissal is warranted because such a claim "must relate to the deprivation of a basic human need[.]" *Id.* at 17 n.27.

Third, Magistrate Judge Lovric recommended that the Court deny summary judgment on Plaintiff's First Amendment retaliation claims against both Defendant Collado and Defendant S. Devlin-Varin. The Report-Recommendation noted that Plaintiff's claims are premised on viable protected activities: the filing of grievances and the refusal of medical treatment. *Id.* at 19, 21 n.28; *see Davis v. Goord*, 320 F.3d 346, 352-53 (2d Cir. 2003) ("the filing of prison grievances is a constitutionally protected activity"); *Simmons v. Lantz*, No. 3:04–CV–2180 (RNC), 2007 WL 842008, at *2 (D. Conn. Mar. 12, 2007) (finding "the exercise of the right to refuse medical treatment" is protected conduct). The Report-Recommendation also found that there remains a genuine issue of material fact regarding whether Plaintiff was placed in the Special Housing Unit ("SHU") or confined to keeplock, which would constitute sufficient adverse actions. *Id.* at 20, 21 n.28; *see Vidal v. Valentin*, 16-CV-5745, 2019 WL 3219442, at *8 (S.D.N.Y. July 17, 2019) ("Confinement in the SHU is an adverse action."); *Gunn v. Malani*, 20-CV-2681, 2023 WL 2664805, at *7 (S.D.N.Y. Mar. 28, 2023) ("[c]onfining a prisoner to keeplock is sufficient to establish an adverse action").[2]

Having reviewed the Report-Recommendation for clear error, and found none, the Court adopts the Report-Recommendation in its entirety.

---

[2] Magistrate Judge Lovric also noted that Defendants' Motion does not address the First Amendment retaliation claim against Defendant Collado. *Id.* at 20-21.

IV.     **CONCLUSION**

Accordingly, the Court hereby

**ORDERS** that the recommendations in the Report-Recommendation, Dkt. No. 62, are **ADOPTED** for the reasons stated herein; and the Court further

**ORDERS** that Named Defendants' motion for summary judgment, Dkt. No. 55, is **DENIED**; and the Court further

**ORDERS** that Plaintiff's partial motion for summary judgment, Dkt. No. 51, is **DENIED**; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.[3]

**IT IS SO ORDERED.**

DATED:   July 18, 2025
         Albany, New York

_Anne M. Nardacci_
Anne M. Nardacci
U.S. District Judge

---

[3] The Clerk shall also provide Plaintiff with copies of all unreported decisions herein.